**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

_____

|   |   |
|---|---|
| **WAYNE M. HOWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **CIVIL NO. 3:09CV204** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

_____

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) on cross-motions for summary judgment.[1]  Plaintiff, Wayne M. Howard, seeks

judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner

denying his applications for Social Security Disability ("DIB") and Supplemental Security

Income payments ("SSI").  The Commissioner's final decision is based on a finding by an

Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social

Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion

for summary judgment (docket no. 5) be DENIED; that Defendant's motion for summary

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil
Rules 5 and 7(C).  In accordance with these Rules, the Court will endeavor to exclude any personal
identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth
(except for year of birth), and any financial account numbers from its consideration of Plaintiff's
arguments and will further restrict its discussion of Plaintiff's medical information to only the extent
necessary to properly analyze the case.

judgment (docket no. 6) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for SSI and DIB on April 5, 2007, claiming disability due to traumatic arthritis of the left elbow, with an alleged onset date of January 23, 2007. (R. at 95-103.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 48-51.) On October 17, 2008, accompanied by counsel, Plaintiff testified before an ALJ. (R. at 17-40.) On December 16, 2008, the ALJ denied Plaintiff's application, finding that he was not disabled under the Act where, based on his age, education, work experience and residual functional capacity, there are jobs he could perform which exist in significant numbers in the national economy. (R. at 14-15.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 1-3.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were

applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that he did not engage in SGA, the second step of the analysis requires him to prove that he has "a severe impairment . . . or combination of impairments which significantly limit[s] [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can

_____

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

return to his past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform his past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of vocational expert ("VE"). When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV.  ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of his disability.  (R. at 11.)  At steps two and three, the ALJ found that Plaintiff had the severe impairment of traumatic arthritis of the left elbow, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage.  (R. at 11-12.)  The ALJ next determined that Plaintiff had the RFC to perform light work, except that he could only use his left, non-dominant, upper extremity for balancing or guiding.  (R. at 12-14.)

The ALJ then determined at step four of the analysis that Plaintiff could not perform his past relevant work as a carpenter because of the level of exertion required in that position.  (R. at 14.)  At step five, after considering Plaintiff's age, education, work experience and RFC, and after consulting a VE, the ALJ nevertheless found that there are other occupations which exist in significant numbers in the national economy that Plaintiff could perform.  (R. at 14-15.) Specifically, the ALJ found that Plaintiff could work as a marker, lot attendant, or router.  (R. at 15.)  Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that he was not entitled to benefits.  (R. at 15.)

Plaintiff moves for a finding that he is entitled to benefits as a matter of law, or in the alternative, he seeks reversal and remand for additional administrative proceedings.  (Pl.'s Mot. for Summ. J.)  In support of his position, Plaintiff argues that the ALJ applied an incorrect legal standard in completely discrediting Plaintiff's subjective complaints of pain.  (Pl.'s Mem. in

Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 1, 4-6.)  Defendant argues in opposition that the

Commissioner's final decision is supported by substantial evidence and application of the correct

legal standard such that it should be affirmed.  (Def.'s Mot. for Summ. J. and Br. in Supp.

Thereof ("Def.'s Mem.") at 6-11.)

## 1.     Plaintiff contends that the ALJ applied an incorrect legal standard in completely discrediting Plaintiff's subjective complaints of pain.

Plaintiff contends that the ALJ applied an incorrect legal standard in completely

discrediting Plaintiff's subjective complaints of pain.  (Pl.'s Mem. at 1, 4-6.)  Specifically,

Plaintiff argues that he was "entitled to rely exclusively on subjective evidence" because he "met

his threshold obligation of showing by objective medical evidence a condition reasonably likely

to cause the pain claimed."  (Pl.'s Mem. at 5.)

After step three of the ALJ's sequential analysis, but before deciding whether a claimant

can perform past relevant work at step four, the ALJ must determine the claimant's RFC.  20

C.F.R. §§ 416.920(e)-(f), 416.945(5)(1).  The RFC must incorporate impairments supported by

the objective medical evidence in the record and those impairments that are based on the

claimant's credible complaints.  In evaluating a claimant's subjective symptoms, the ALJ must

follow a two-step analysis.  Craig v. Charter, 76 F.3d 585, 594 (4th Cir. 1996); see also SSR 96-

7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a).  The first step is to determine whether there is an

underlying medically determinable physical or mental impairment or impairments that

reasonably could produce the individual's pain or other related symptoms.  Id.; SSR 96-7p, at 1-

3.  The ALJ must consider all the medical evidence in the record.  Craig, 76 F.3d at 594-95; SSR

96-7p, at 5, n.3; see also SSR 96-8p, at 13 (specifically stating that the "RFC assessment must be

based on *all* of the relevant evidence in the case record") (emphasis added).  If the underlying

impairment reasonably could be expected to produce the individual's pain, then the second part of the analysis requires the ALJ to evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work. Craig, 76 F.3d at 595. The ALJ's evaluation must take into account "all the available evidence," including a credibility finding of the claimant's statements regarding the extent of the symptoms and the ALJ must provide specific reasons for the weight given to the individual's statements. Craig, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11.

This Court must give great deference to the ALJ's credibility determinations. See Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997). The Court of Appeals for the Fourth Circuit has determined that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" Id. (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" Id. (quoting NLRB v. McCullough Envtl. Servs., Inc., 5 F.3d 923, 928 (5th Cir. 1993)).

Furthermore, it is well established that Plaintiff's subjective allegations of pain are not, alone, conclusive evidence that Plaintiff is disabled. See Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). The Fourth Circuit has determined that "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 591.

At the hearing before the ALJ, in support of his subjective complaints of pain and limitations as a result of his impairments, Plaintiff testified that most days he sleeps until 11:00 in the morning, and then spends the rest of his day visiting his mother, who lives next door, or sitting in a recliner, sleeping or watching television.  (R. at 27.)  He further testified that he is able to prepare his own meals, hand-wash dishes, cut the grass using a riding lawn mower, and take the trash out.  (R. at 28.)  He stated that he does not have a valid driver's license, but he can ride in a car as a passenger if he uses a pillow to support his elbow.  (R. at 28-29.)  He also stated that he cannot cut his own meat, and he lacks coordination in his left arm, so he cannot use it to brush his teeth.  (R. at 31.)  He added that he has tried to obtain light work in his neighborhood, but has been unsuccessful.  (R. at 32.)  He further testified that he takes ibuprofen for his pain. (R. at 29.)   It was noted at the hearing that his left arm is smaller than his right arm, but his left arm swells daily.  (R. at 38-39.)  He also stated that three of the fingers on his left hand are numb.  (R. at 37.)

Plaintiff contends that under Fourth Circuit precedent he was "entitled to rely exclusively on subjective evidence," i.e. his hearing testimony, because he "met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed." (Pl.'s Mem. at 5.)  In so arguing, Plaintiff relies on Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), but he misstates the Fourth Circuit's standard for evaluating a claimant's credibility as articulated therein.

In Hines, the plaintiff suffered from Sickle Cell Disease, which causes those afflicted to suffer from acute episodes of pain, but rarely produces objective medical evidence of that pain. Hines, 453 F.3d at 560-61.  The plaintiff was unable to produce evidence of his debilitating pain,

9

and the ALJ refused to credit plaintiff's subjective complaints of pain without said evidence and denied plaintiff's claim for benefits.  Id. at 563-64.  The district court reversed the ALJ's denial of benefits, and the Fourth Circuit affirmed, on the basis that the ALJ had applied an incorrect legal standard when he required the plaintiff to present objective evidence of his pain.  Id.  The Fourth Circuit found that the plaintiff had satisfied the first step of the Craig test by showing objective medical evidence of a condition reasonably likely to cause the pain claimed, and therefore, the plaintiff was entitled to rely exclusively on subjective evidence to prove the second part of the Craig test, i.e., that his pain was so continuous and/or so severe that it prevented him from working a full eight hour day.  Id. at 565.  The court qualified this finding however, stating:

> While objective evidence is not mandatory at the second step of the test, "[t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work.  Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers."

Id. (quoting Craig v. Chater, 76 F.3d at 595).  Because there was no evidence in the record that was inconsistent with the plaintiff's statements about his pain, the Fourth Circuit held that he was entitled to rely exclusively on his statements as evidence of the intensity and persistence of his symptoms.  Id. at 565.

Here, however, the Plaintiff was not entitled to simply rely on his statements as evidence of the extent of his symptoms because his statements were inconsistent with the available evidence.  Specifically, as the ALJ noted in her decision, Plaintiff's subjective description of his pain was inconsistent with the medical evidence of record.  (R. at 13.)  More precisely, there was

no evidence of a medically determinable impairment that could reasonably be expected to cause limitations in the claimant's ability to sit, stand, walk or use his right upper extremity, which is his dominant one. (R. at 13.) With regard to his left upper extremity, the record reflects that he does have a medically determinable impairment that could reasonably be expected to cause limitations in his ability to use that extremity, but it also establishes that his motor strength was 5/5 distally, his pain was relieved by use of ibuprofen, and his physicians had placed no restrictions on him aside from post-operative instructions. (R. at 13, 221, 227-319.)

It is clear from the ALJ's opinion that she performed a thorough analysis of both the subjective and objective medical evidence presented to her in making her determinations as to Plaintiff's credibility and RFC. The ALJ performed the required <u>Craig</u> analysis and provided an explicit rationale to support her conclusions. Specifically, the ALJ found that the Plaintiff had the severe impairment of traumatic arthritis of the left elbow, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 11-12.) The ALJ then found that Plaintiff's impairment "could reasonably be expected to produce the alleged symptoms; however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (R. at 12-13.) The ALJ concluded in the same regard that Plaintiff's medical records were inconsistent with the amount of pain Plaintiff allegedly experienced. (R. at 13-14.)

Moreover, contrary to Plaintiff's assertion, the ALJ did not completely discredit Plaintiff's subjective complaints of pain. Rather, the ALJ credited Plaintiff's testimony to the extent that it related to his left upper extremity, and accounted for his subjective complaints of pain in finding that he could lift and carry 10 pounds frequently and 20 pounds occasionally with

his right upper extremity, but that he can only use his left upper extremity for activities such as guiding and balancing. (R. at 13.)

Accordingly, the Court recommends a finding that the ALJ's conclusions regarding Plaintiff's credibility and RFC determinations are based on substantial evidence in the record and application of the correct legal standard, and should not, therefore, be overturned.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket no. 5) be DENIED; that Defendant's motion for summary judgment (docket no. 6) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Richard L. Williams and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a _de novo_ review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                    _____/s/_____
Date:_ February 2, 2010_                            DENNIS W. DOHNAL
Richmond, Virginia                                  UNITED STATES MAGISTRATE JUDGE